No. 111,198

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Adoption of P.Z.K., Minor.

SYLLABUS BY THE COURT

1.

Where a statute is ambiguous, a court may look to the canons of construction, including the canon known as *noscitur a sociis*, which literally translates to "it is known from its associates." This canon requires the court to compare the elements identified in the statute to determine the meaning of any one of those words or phrases. Its effect is that the meaning of a doubtful word or phrase may be clarified or ascertained by reference to those words or phrases with which it is associated.

2.

K.S.A. 2013 Supp. 59-2136(d) only applies to stepparent adoptions when the child has a presumed father due to a marriage or attempted marriage under K.S.A. 2013 Supp. 23-2208(a)(1), (2), or (3); or if the child qualifies as a legitimate child of the father under pre-1985 law, which means a child born of a marriage.

3.

Because K.S.A. 2013 Supp. 59-2136(h) provides that a court may terminate parental rights upon a finding by clear and convincing evidence of *any* of the factors listed in that subsection, the district court's alternative finding under K.S.A. 2013 Supp. 59-2136(h)(1)(A) is sufficient to uphold its unfitness finding.

Appeal from Lyon District Court; W. LEE FOWLER, judge. Opinion filed August 1, 2014. Affirmed.

*Stuart N. Symmonds*, of Symmonds & Symmonds, LLC, of Emporia, for appellant.

*Stephen J. Atherton*, of Atherton & Huth, of Emporia, for appellee.

Before MALONE, C.J., POWELL and SCHROEDER, JJ.

POWELL, J.: P.Z.K.'s natural father, D.A. (Natural Father), appeals the district court's ruling terminating his parental rights and granting the stepparent adoption by D.M. (Stepfather). Natural Father argues (1) the district court should have applied K.S.A. 2013 Supp. 59-2136(d) instead of K.S.A. 2013 Supp. 59-2136(h), and (2) the district court erred by refusing to consider the involuntary payment through garnishment of his tax refund as payment towards his child support obligation. Because we hold that the district court properly applied K.S.A. 2013 Supp. 59-2136(h), we affirm.

FACTUAL AND PROCEDURAL HISTORY

P.Z.K. was born in 2002. In July 2011, P.Z.K.'s mother and the Kansas Department of Social and Rehabilitation Services (SRS) filed a petition to establish paternity, alleging Natural Father was the child's biological father and requesting an order for child support. P.Z.K.'s mother (Mother) and Natural Father were never married. On November 10, 2011, genetic testing established Natural Father as the child's biological father. The court ordered Natural Father to pay $205 per month in child support and reimburse SRS $5,071.47 for support it provided to the child.

Mother married Stepfather, who filed a petition to adopt P.Z.K. on October 4, 2013. Mother consented to the stepparent adoption, but Natural Father refused to consent. In January 2014, the Lyon County district court terminated Natural Father's parental rights and granted the adoption of P.Z.K. by Stepfather.

2

Natural Father timely appeals.

## SHOULD THE DISTRICT COURT HAVE APPLIED K.S.A. 2013 SUPP. 59-2136(d) INSTEAD OF K.S.A. 2013 SUPP. 59-2136(h)?

K.S.A. 2013 Supp. 59-2136(d) typically governs the termination of parental rights in stepparent adoptions while K.S.A. 2013 Supp. 59-2136(h) governs the termination of parental rights in all other adoptions. For the first time on appeal, Natural Father argues that as this was a stepparent adoption, the district court should have applied K.S.A. 2013 Supp. 59-2136(d) instead of K.S.A. 2013 Supp. 59-2136(h).

Generally, issues not raised before the trial court cannot be raised on appeal. See *Wolfe Electric*, *Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011). Supreme Court Rule 6.02(a)(5) (2013 Kan. Ct. R. Annot. 39) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. See *State v. Breeden*, 297 Kan. 567, 574, 304 P.3d 660 (2013) (declining to consider issue for this reason). Natural Father fails to explain why we should consider this issue for the first time on appeal. Nevertheless, an exception to the general rule applies: this issue involves only a question of law which is determinative of the case. *In re Estate of Broderick*, 286 Kan. 1071, 1082, 191 P.3d 284 (2008) (new legal theory may not be asserted for first time on appeal unless the theory involves question of law arising on proved or admitted facts and is finally determinative of case), *cert. denied* 555 U.S. 1178 (2009).

Because this issue involves the interpretation and application of K.S.A. 2013 Supp. 59-2136, this is a legal question over which appellate courts exercise unlimited review. *In re Adoption of J.M.D.*, 293 Kan. 153, 158, 260 P.3d 1196 (2011).

Natural Father argues the district court should have applied K.S.A. 2013 Supp. 59-2136(d) because it specifically governs stepparent adoptions. K.S.A. 2013 Supp. 59-2136(d) states:

"(d) In a stepparent adoption, if a mother consents to the adoption of a child who has a presumed father under subsection (a)(1), (2) or (3) of K.S.A. 2013 Supp. 23-2208 . . . or who has a father as to whom the child is a legitimate child under prior law of this state or under the law of another jurisdiction, the consent of such father must be given to the adoption unless such father has failed or refused to assume the duties of a parent for two consecutive years next preceding the filing of the petition for adoption or is incapable of giving such consent."

Natural Father relies on *J.M.D.* where our Supreme Court analyzed the statutory framework in K.S.A. 2010 Supp. 59-2136 and how it applies when a stepfather seeks to adopt his wife's children. 293 Kan. at 159. It carefully looked at subsections (d) and (h) and found:

"The clearly stated intent [of the legislature] was to treat the parental rights termination of natural or presumed fathers differently in stepparent adoptions than in other types of adoptions. That stated intent contradicts any implication that the legislature intended to incorporate the parental termination provisions of subsection (h) into the stepparent adoption provisions of subsection (d)." 293 Kan. at 162.

Our Supreme Court also stated that K.S.A. 2010 Supp. 59-2136(h)

"do[es] not apply to the question of whether a natural father must consent to the adoption of his children by a stepfather. The legislature intended for that question to be answered by the provisions of K.S.A. 2010 Supp. 59-2136(d), unaffected by the provisions governing the termination of parental rights in other types of adoptions." 293 Kan. at 163.

4

In *J.M.D.*, the father was a presumed father of the child under K.S.A. 38-1114(a)(1) because the father and mother were married when *J.M.D.* was born. Therefore, the stepparent adoption of *J.M.D.* was governed by K.S.A. 2010 Supp. 59-2136(d) which specifically states it applies when the father is "a presumed father under subsection (a)(1), (2) or (3) of K.S.A. 38-1114" or when the child is a "legitimate child under prior law of this state."

This case is distinguishable from *J.M.D.* because K.S.A. 2013 Supp. 59-2136(d) only governs when there is a presumed father due to a marriage relationship as described in K.S.A. 2013 Supp. 23-2208(a)(1), (2), or (3), or when the child is the father's child under the prior law of this state. In this case, Natural Father became the presumed father due to genetic testing under K.S.A. 2013 Supp. 23-2208(a)(5), not subsections (1), (2), or (3). See also *In re Adoption of C.A.T.*, 47 Kan. App. 2d 257, 262-63, 273 P.3d 813 (2012) (distinguishing *J.M.D.* for same reason).

However, Natural Father does not claim K.S.A. 2013 Supp. 23-2208(a)(1), (2), or (3) apply. Instead, he claims subsection (d) applies because P.Z.K. is his legitimate child under the law due to the 2011 paternity case. However, Natural Father's interpretation excludes a very important word. K.S.A. 2013 Supp. 59-2136(d) says the child must be the father's "legitimate child under *prior* law of this state." (Emphasis added.) The goal of statutory interpretation is to ascertain the intent of the legislature. See *In re Adoption of S.J.R.*, 37 Kan. App. 2d 28, 33, 149 P.3d 12 (2006). Words must be given their plain meaning, and language found in the statute cannot be excluded. 37 Kan. App. 2d at 33.

The legislature's reference to "prior law" is ambiguous because it could refer to laws prior to the current statutes, laws in effect before K.S.A. 2013 Supp. 59-2136(h) was enacted, or laws before any other specified point in time. Because the statute is ambiguous, we may look to the canons of construction, including the canon known as *noscitur a sociis*, which literally translates to "it is known from its associates." This canon

5

requires us to compare the elements identified in the statute to determine the meaning of any one of those words or phrases. *State v. Spencer*, 291 Kan. 796, 808, 248 P.3d 256 (2011). Its effect is that the meaning of a doubtful word or phrase "may be clarified or ascertained by reference to those words or phrases with which it is associated." *Young Partners v. U.S.D. No. 214*, 284 Kan. 397, 408, 160 P.3d 830 (2007).

Looking at the subsection as a whole, the use of the term "legitimate child" signals that the prior law being referred to was when Kansas statutes distinguished between legitimate and illegitimate children. Prior to 1985, Kansas law differentiated between children born of a marriage (legitimate) and children born outside of marriage (illegitimate). See K.S.A. 59-501 (Ensley 1983); *Gross v. VanLerberg*, 231 Kan. 401, Syl. ¶ 1, 646 P.2d 471 (1982) ("The father of an illegitimate child has a duty of support similar to that imposed upon the father of a legitimate child where the relationship of father and child has been established by acknowledgment of paternity or the judgment of a court of record having jurisdiction of the case."); K.S.A. 38-1101 *et seq.* (Ensley 1981); K.S.A. 38-1101 *et seq*. (Ensley 1986) (K.S.A. 38-1101 through 38-1110 repealed in 1985 and replaced by K.S.A. 38-1111 through 38-1130); K.S.A. 38-1112 (Ensley 1986) ("The parent and child relationship extends, equally to every child and to every parent, regardless of the marital status of the parents.").

We conclude K.S.A. 2013 Supp. 59-2136(d) refers to situations covered under Kansas statutes prior to 1985 to the extent that the statute applies if the child qualifies as "a legitimate child under prior law" of this state. The genetic test presumption in K.S.A. 2013 Supp. 23-2208(a)(5), under which Natural Father's paternity was established, was not added until 1994. L. 1994, ch. 292, sec. 5 (Subst. H.B. 2583). K.S.A. 2013 Supp. 59-2136(d) only applies to stepparent adoptions when the child has a presumed father due to a marriage or attempted marriage under K.S.A. 2013 Supp. 23-2208(a)(1), (2), or (3); or if the child qualifies as a legitimate child of the man under pre-1985 law. Natural Father

6

does not fall into either of these categories. Therefore, the district court was not required to apply K.S.A. 2013 Supp. 59-2136(d).

## WAS THERE SUFFICIENT EVIDENCE TO SUPPORT THE DISTRICT COURT'S FINDING OF UNFITNESS?

The district court found Natural Father unfit under K.S.A. 2013 Supp. 59-2136(h)(1)(A) & (G), which state as follows:

> "[T]he court may order that parental rights be terminated, upon a finding by clear and convincing evidence, of any of the following:
>
> (A) The father abandoned or neglected the child after having knowledge of the child's birth; [or]
>
> . . . .
>
> (G) the father has failed or refused to assume the duties of a parent for two consecutive years next preceding the filing of the petition."

Because K.S.A. 2013 Supp. 59-2136(h) provides that a court may terminate parental rights upon a finding by clear and convincing evidence of *any* of the factors listed in that subsection, the district court's alternative finding under K.S.A. 2013 Supp. 59-2136(h)(1)(A)—that Natural Father abandoned or neglected P.Z.K. from 2005 to the present—is sufficient to uphold its unfitness finding. The district court found "that while there was contact between the minor child and the natural father for the first three years of the child's life, that contact largely ended in 2005." Natural Father does not challenge this ruling on appeal.

In light of the fact that Natural Father does not challenge the district court's finding of abandonment or neglect under K.S.A. 2013 Supp. 59-2136(h)(1)(A) as a basis for its unfitness finding, we affirm the district court on that basis alone. We need not address Natural Father's other arguments concerning whether there was sufficient evidence to

support the district court's finding under K.S.A. 2013 Supp. 59-2136(h)(1)(G) that he failed or refused to assume the duties of a parent for 2 consecutive years preceding the filing of the petition.

Affirmed.